McKinney, J.,
delivered the opinion of the Court.
The question upon this record is, can the plaintiffs inaintain this action ? The material facts of the case are these: Bullitt and Fairthorne, the plaintiffs below, were “ lawyers and general agents,” of the city of Philadelphia. In .October, 1850, they forwarded to Herron, the plaintiff in error, and A. H. Davidson, who were then partners in the practice of the law, in the city of Memphis, for collection, two promissory notes, made by Shropshire & West, of the State of Mississippi, payable to H. Duhring, a citizen of Pennsylvania. Accompanying said notes, was a draft, drawn by said Duhring on Shropshire & West, in favor of Bullitt & Fairthorne, for the amount of said notes, being $630.22, at forty-six days after date. Herron & Davidson immediately sent said notes and draft to N. G. & S. E. Nye, lawyers of the State of Mississippi, for collection. The draft was not accepted by 'Shropshire & West, and the Messrs. Nye returned it to Herron & Davidson, but they retained the notes and proceeded to collect the amount due thereon, after Considerable delay, growing out of the embarrassed condition of the debtors. In the Spring of 1851, after said notes were placed in the hands of the Messrs. Nye, but before collection of the money, Herron & Davidson dissolved their partnership. During the years 1852 and 1853, the Messrs. Nye collected the amount upon said two notes, and remitted the same to said A. H. Davidson, at Memphis, who it appears failed to pay over the same. And to recover said money, Bullitt & Fairthorne, in their own right, instituted the *499 present action of assumpsit for money had and received to their use. The action was brought jointly against Herron & Davidson. The latter suffered judgment to go by default. Herron made defence, and judgment was rendered against him, to reverse which the case is Ijróught to this Court. The error mainly relied on is, that the plaintiffs have shown no legal right to maintain the action. There is no proof in the record before us, that the plaintiffs in the action had any legal or beneficial interest in said notes, or the money due thereon. It does not appear that the notes were transferred to them; or that the draft before mentioned was drawn for any other purpose than as an authority to receive the money due upon said notes. There is no proof of any contract or understanding in respect to said notes, either as between Duhring and the plaintiffs, or as between them and Herron & Davidson. There is evidence on the contrary, of a persuasive nature, furnished by the plaintiffs themselves, that the legal interest in said notes, and the money when collected, was not in them, but in Duhring, for whom they were acting merely in the capacity of collecting agents.
In a letter from the plaintiffs, addressed to Herron & Davidson, under date of February 6, 1851, in reply to a letter from the latter to them, they direct that suit shall be brought, unless Shropshire & West pay or secure the amount due upon said notes in a short time; and add, “We have delayed writing to you, waiting for Mr. Duhring to instruct us.” And in a postscript, they request information as to the circumstances of the debtors, &c., for the reason that “it is *500 necessary to keep our clients well advised, &c.” And in a subsequent letter from them to A. H. Davidson,, individually, under date October 2, 1851, they say, “ Please advise us what has been done with claim against Shropshire & West, of Yazoo, Mississippi, in favor of H. Duhring.” * * * * “ Mr. Duhring, in consequence of reports here concerning them, is very uneasy.”
Upon the foregoing facts the jury were instructed “ That the plaintiffs had the legal right to bring this suit and recover in their own names: and that no demand of payment, or direction to remit the money, before the commencement of the suit was required on the part of the plaintiffs,” This instruction, we think, is clearly erroneous. Passing by the objection, that the consideration of the facts is entirely taken from the jury, the proof fails to establish any legal right in the plaintiffs to recover the money demanded.
The cases in which agents acquire rights against third persons, founded upon contracts made by them, are said to be resolvable into four classes. First, where the contract is made in writing, expressly with the agent, and imports to be a contract personally with him, although he may be known to act as an agent.
Secondly, where the agent is the only known or ostensible principal, and therefore is, in contemplation of law, the real contracting party.
Thirdly, where, by the usage of trade, or the general course of business, the agent is authorized to act as the owner, or as a principal contracting party, although his character as agent is known.
*501 Fourthly, where the agent has made a contract, in the subject matter of which, he has a special interest or property, whether he professed, at the time, to be acting for himself or not.—Story on Agency, § 393.
In all the foregoing cases, the agent acquires personal rights, and may sue upon the contract, in his own name, notwithstanding his principal may, in some instances, perhaps in general, be also entitled to similar rights and remedies upon the same contract.
But within neither of these classes, does the case before us fall. The proof is silent as to any contract between the plaintiffs and Herron & Davidson, in regard to the collection of said notes; whether the plaintiffs, in placing the notes in the hands of the defendants, professed to act in the character of agents of Duhring, or for themselves, we are uninformed. But the proof establishes, that after said notes were transmitted to the defendants, the plaintiffs impliedly, at least, admitted that the legal interest still remained In Duhring. From this proof, the inference of law is, in the absence of evidence to the contrary, that the plaintiffs, throughout, acted as mere instruments in carrying into effect the instruction and aet of their principal. Had the notes been endorsed even in blank, by Duhring to the plaintiffs as his agents, merely for the purpose of'collection, this would have entitled them to sue, in their own names, as endorsees, and would perhaps have been sufficient evidence of title to have supported the present action.
It is admitted, that wherever an agent, though known to be sueh, has a special property in the subject matter of the contract, and not a bare custody *502 thereof or has a lien upon it, or, according to some of the authorities, has a beneficial interest in the performance of the contract, as for commissions, &e., he may, in all such cases, sue upon the contract. But no such case is made in the record before us; the plaintiffs establish no such right. And it devolves upon an agent, sueing in his own name, to show affirmatively such a state of facts as, upon some recognized principle, entitles him to maintain an action; because the right of an agent to sue, in his own name, exists only in some special cases, and is in derogation of the general principle, that all the rights springing out of a contract, made through the intervention of an agent, accrue to the principal.
It cannot therefore be presumed in this case, from anything before us, that the plaintiffs had a Ken upon the money, or even a, claim for commissions. Whether the services of the plaintiffs were gratuitous, or, if not, whether they were remunerated in advance, or were, by usage, or the law of the place where the supposed contract between them and their principal was made, entitled to be paid out of the money, when collected, are matters of which we are not informed.
The existence of the draft in favor of the plaintiffs avails nothing; the inference that it was intended to vest the plaintiffs with a personal right to the money, is repelled by the evidence furnished by themselves, before referred to.
The case of Gunn vs. Cantine, 10 Johns. Rep. 387, is, in its facts, very like the case under consideration, and an express authority in support of our conclusion. It is unnecessary, in this view of the case, to discuss *503 the other question made in the case, as to the necessity of demand, or directions to remit the money, before suit brought.
The judgment will be reversed.